IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Quinzell Reddick, | : | |
|     Petitioner, | : | CIVIL ACTION |
| | : | No. 21-3748 |
| v. | : | |
| | : | |
| Bernadette Mason, | : | |
|     Respondent. | : | |

May 28, 2024                                                                          Anita B. Brody, J.

**EXPLANATION**

    Quinzell Reddick petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 24, 2024, Magistrate Judge Carol Sandra Moore Wells prepared a Report and Recommendation ("R&R") recommending that Reddick's petition be denied. On February 8, 2024, Reddick filed objections to Magistrate Judge Wells' R&R. Reddick's objections are overruled, and his habeas petition is denied.

**I. BACKGROUND**

    On December 11, 2012, fourteen jurors were selected in the Philadelphia County Court of Common Pleas for Quinzell Reddick's criminal trial before Judge Linda Carpenter. *Commonwealth v. Reddick*, Dkt. No. CP-51-CR-0009191-2011, Opinion ("Trial Court Opinion") at 2 (Phila. Ct. C.P. Aug. 19, 2013), ECF No. 17, Ex. E, pp. 216–223. Reddick faced seven charges: attempted murder, aggravated assault, murder, carrying a firearm without a license, failing to relinquish a firearm, carrying firearms in public, and the possession of an instrument of a crime. *Reddick*, Information (Phila. Ct. C.P. Aug. 16, 2011), ECF No. 17, pp. 28–29. On December 12, 2012, immediately before trial was set to begin, Reddick entered a negotiated guilty plea to four of these charges. *Reddick*, Trial Disposition and Dismissal Form ("Disposition

1

Form") (Phila. Ct. C.P. Dec. 12, 2012), ECF No. 17, pp. 64–65.[1] Judge Carpenter questioned Reddick about his understanding of the plea, specifically noting the prosecution's 25–50 year sentence recommendation. *Reddick*, Tr. of Guilty Plea Hr'g at 59 (Phila. Ct. C.P. Dec. 12, 2012), ECF No. 17, Ex. A, pp. 165–189. She also explained the elements of the charges to which he was pleading guilty, and she asked the prosecutor to provide a factual basis for the plea. *Id.* at 60–66, 68–70. Reddick indicated that he understood the elements of his charges and the facts he was admitting to by pleading guilty. *Id.*

Judge Carpenter informed Reddick that he would likely be unable to withdraw his guilty plea if he later changed his mind and sought to go to trial. Before accepting his plea, the judge explained to Reddick that a jury was still present and awaiting the trial. Tr. Of Guilty Plea Hr'g at 47. She told him that if he did not proceed with sentencing immediately after she accepted the plea, that he would not later be allowed to withdraw it. *Id.* at 73. After Reddick entered his guilty plea, the court and counsel discussed whether sentencing would proceed immediately, ultimately deciding to delay it to allow for the preparation of a presentence report. *Id.* at 75–77. The judge reiterated that Reddick would not later be permitted to withdraw his plea:

> The reason I asked a lot of questions is so to make sure that he understood that he's pleading guilty to these facts based on these facts. And the only reason that I would even consider in other situations and allowing somebody to withdraw their plea would be circumstances that don't exist here. We have a jury that's sitting in the back, we have all the witnesses here. And I understand we may have friends and family from both sides, that we've held the jury all morning so that if Mr. Reddick changes his mind, and this is a deal breaker, that I won't let him withdraw the plea and he will go to sentence.

*Id.* at 76. She continued:

> If I order the presentence and defer sentence, he understands that I will not withdraw that plea, not allow him to withdraw the plea under any circumstances. We did a very thorough colloquy and he's been given many opportunities to change his mind. In fact, I will give him the opportunity to change his mind right now while I still have my jury.

---

[1] Reddick pled guilty to third degree murder, attempted murder, carrying a firearm without a license, and possession of an instrument of a crime. Disposition Form at 1–2. The remaining charges were nolle prossed. *Id.*

2

*Id.* at 77. Judge Carpenter then opted to take victim testimony the same day as the plea, reasoning that she wanted the victim's family to "understand once I excuse that jury, it's as good as he got sentenced today." *Id.* at 79–80.

On February 7, 2013, Reddick appeared for sentencing. *Reddick*, Tr. of Sentencing Hr'g (Phila. Ct. C.P. Feb. 7, 2013), ECF No. 17, Ex. C, pp. 199–210. Gary Silver, Reddick's attorney, informed the court that Reddick had written him a letter and then told him in person that he wished to withdraw his guilty plea and proceed to trial. *Id.* at 6. Silver made an oral motion to withdraw Reddick's guilty plea based on his client's position. *Id.* Judge Carpenter permitted Reddick to be heard as to the withdrawal request, and Reddick stated:

> I wish to withdraw my guilty plea and enter a plea of not guilty to all charges as charged. I entered a plea of guilty made [illegible] unassured and/or uncertain heart and confused mind. I believe my decision was not knowingly, intelligent and/or a voluntary act on my behalf. . . .

*Id.* at 9. Reddick explained that his attorney had described going to trial as an "act of suicide" and that Reddick was misinformed about the recommended sentence: he had understood that the applicable recommended sentence was 12.5–25 years, not 25–50 years. *Id.* Finally, Reddick stated: "I plead with the Court to allow me to maintain my innocence and not allow me to make a tactical decision under blatant coercion by counsel." *Id.* at 10. The court orally denied Reddick's motion to withdraw his plea, noting that Reddick's allegations about confusion and coercion were topics already addressed in the plea colloquy without issue. *Id.* at 20. Judge Carpenter sentenced Reddick to an aggregate of 25–50 years' imprisonment. *Id.* at 30.

On July 8, 2013, Reddick appealed, arguing that his plea was entered under coercion and confusion, and that the court erred by denying his motion to withdraw his plea. *Reddick*, Concise Statement of Matters Complained of on the Appeal (Phila. Ct. C.P. July 8, 2013), ECF No. 17,

Ex. D, pp. 211–214. On August 19, 2013, Judge Carpenter issued an opinion outlining the reasoning behind her denial of Reddick's motion to withdraw his plea. Trial Court Opinion at 1. Judge Carpenter stated that Pennsylvania law gave courts "discretion to grant a request to withdraw a guilty plea, prior to sentence, if the defendant has established a 'fair and just reason' for the withdrawal and the Commonwealth will not be substantially prejudiced by such withdrawal." *Id.* at 4 (citations omitted). The court found that Reddick had failed to establish a fair and just reason for the withdrawal, and, "[e]ven if this court had found Reddick's assertions to be fair and just, the prejudice suffered by the Commonwealth, on account of the fact that the jury had *already* been selected in this case, would have required this court to deny the withdrawal request." *Id.* at 6. The trial court recommended that the Superior Court affirm the conviction and uphold Reddick's sentence. *Id.* at 8.

On direct appeal, Reddick contended that his statement that he wished to "maintain [his] innocence" constituted an assertion of innocence that satisfied the "fair and just reason" standard to withdraw a plea prior to sentencing. *Commonwealth v. Reddick*, No. 485 EDA 2013, 2014 WL 10889813, at *2 (Pa. Super. Aug. 11, 2014). On August 11, 2014, the Superior Court affirmed the trial court's decision based on Reddick's failure to raise this argument in his Rule 1925(b) statement summarizing his appellate claims. *Id.* at *3. In May 2015, Reddick filed a Pennsylvania Post-Conviction Relief Act ("PCRA") petition, arguing that his trial counsel was ineffective for failing to file a written motion to withdraw his guilty plea on the basis of actual innocence.[2] *Commonwealth v. Reddick*, No. 2195 EDA 2019, 2020 WL 1079254, at *2 (Pa. Super. March 6, 2020). On February 8, 2019, the PCRA court dismissed Reddick's petition. *Id.*

---

[2] Reddick also argued that his direct appeal counsel was ineffective for failing to preserve this issue. *Commonwealth v. Reddick*, No. 2195 EDA 2019, 2020 WL 1079254, at *2 (Pa. Super. March 6, 2020). The Commonwealth conceded that Reddick was entitled to reinstatement of his direct appeal rights as to this claim. *Id.* Reddick instead opted to waive his direct appeal rights and pursue his ineffective assistance of trial counsel claims at the PCRA court only. *Id.*

Reddick appealed to the Pennsylvania Superior Court, arguing that his trial counsel did not adequately raise Reddick's claim of actual innocence and thereby prejudiced Reddick by preventing him from withdrawing his guilty plea. *Id.* The Superior Court affirmed the PCRA court's decision, reasoning that *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291–92 (Pa. 2015) required a defendant's claim of innocence must be "at least plausible" to justify withdrawal of a plea. *Reddick*, 2020 WL 1079254, at *3. The court held that even if Reddick's "maintain my innocence" statement constituted an assertion of innocence, it did not state a plausible claim of innocence. *Id.* at *5. Because it found that an argument to withdraw Reddick's plea based on a claim of innocence would not have been meritorious, the state court determined that Reddick was not prejudiced by his attorney's failure to raise this argument. *Id.*

On August 23, 2021, Reddick sought federal habeas relief in the Eastern District of Pennsylvania. Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1. In his petition, Reddick alleges that the Superior Court erred by applying the *Carrasquillo* standard for assertions of innocence because a more lenient standard existed at the time of his oral motion to withdraw his plea. Petition at 9. Reddick argues that the Pennsylvania courts misread the facts and employed an incorrect legal standard, and that they therefore deprived him of a liberty interest and erred in denying his ineffective assistance of counsel claim. *Id.* at 10. I referred the case to Magistrate Judge Carol Sandra Moore Wells for the preparation of a Report and Recommendation. ECF No. 3.

On January 24, 2024, Magistrate Judge Wells issued an R&R recommending that Reddick's petition be denied because Reddick's claim sought to contest an unreviewable question of state law. R&R, ECF No. 13, at 9. On February 4, 2024, Reddick filed the following objections to the R&R. Pet'r's Objections to R&R, ECF No. 15. Reddick presented four

objections, summarized as follows:

1. The Magistrate Judge erred by failing to find that the state court incorrectly determined the facts in this case when it found that Reddick failed to assert his innocence because he did not explicitly state that he had not committed a crime.

2. The Magistrate Judge erred by holding that Reddick's counsel was not ineffective because Reddick was unable to satisfy the *Carrasquillo* standard.

3. The Magistrate Judge erred by construing Reddick's habeas petition as solely arising under the Sixth Amendment. Reddick seeks to have his case viewed according to the law that existed at the time of his plea, implicating his liberty interest under the Due Process Clause of the Fourteenth Amendment.

4. Reddick should be issued a certificate of appealability.

*Id.* Because I find that the state court properly determined the relevant facts in this case and that Reddick is unable to demonstrate that he was prejudiced by ineffective assistance of counsel, I overrule Reddick's objections to Magistrate Judge Wells' R&R and deny Reddick's petition for a writ of habeas corpus.

**II. LEGAL STANDARD**

Federal habeas ineffective assistance of counsel claims are governed by a two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In making this determination, the court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. Second, the petitioner must show that counsel's deficient performance "prejudiced the defense" by "depriv[ing] the [petitioner] of a fair trial, a trial whose result is reliable." *Id.* at 687. Prejudice exists if "there is a reasonable probability that, but for counsel's

6

unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[A]n attorney's performance cannot have prejudiced a defendant if his alleged ineffectiveness was the failure to advance an unmeritorious claim that could not have been successful had it been advanced." *United States v. Barnes*, 324 F.3d 135, 139 (3d Cir. 2003). Both prongs are necessary: a petitioner who fails to satisfy either the deficient performance or prejudice prong of the *Strickland* test cannot prevail in their claim. *Strickland*, 466 U.S. at 697.

**III. DISCUSSION**

Relief is foreclosed in Reddick's case because the trial court determined that allowing Reddick to withdraw his plea would cause substantial prejudice to the Commonwealth. As the trial court judge explained, Pennsylvania law allows defendants to withdraw their guilty plea prior to sentencing if they present any "fair and just reason" *and* the prosecution would not be "substantially prejudiced" by the withdrawal. *Commonwealth v. Forbes*, 450 Pa. 185, 191 (Pa. 1973).[3] In her post-sentencing opinion, the trial court judge stated: "[e]ven if this court had found Reddick's assertions to be fair and just, the prejudice suffered by the Commonwealth, on account of the fact that the jury had *already* been selected in this case, would have required this court to deny the withdrawal request." Trial Court Opinion at 6. Reddick does not contest the prejudice determination in his habeas petition, nor does he disagree about the applicable state law regarding prejudice.[4]

In a federal habeas proceeding reviewing the validity of a state court conviction, the state court's factual findings are presumed to be correct unless the petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Reddick has not rebutted this

---

[3] *Accord Commonwealth v. Kirsch*, 930 A.2d 1282, 1284–85 (Pa. Super. 2007); *Commonwealth v. Katonka*, 33 A.3d 44, 46 (Pa. Super. 2011) (en banc); *Commonwealth v. Islas*, 156 A.3d 1185, 1192 (Pa. Super. 2017).
[4] *See* Petition at 8 (acknowledging that the Pennsylvania standard for guilty plea withdrawal includes an analysis of whether the Commonwealth would suffer substantial prejudice).

presumption, so I presume that the state court correctly determined that the Commonwealth would have been substantially prejudiced by Reddick withdrawing his plea. To the extent the state court was applying its factual determinations to the applicable state law, its interpretation of that state law is binding on this Court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). Therefore, I adopt the trial court's conclusion: Reddick would not have been permitted to withdraw his plea even if the trial court had found that he had presented a "fair and just" reason to do so.

Reddick's *Strickland* claim fails because he cannot show that he was prejudiced by his attorney's performance. Reddick's *Strickland* claim relies on a mistaken premise: that if his attorney had specifically argued Reddick's innocence claim or submitted a written motion, Reddick would have satisfied the "fair and just reason" standard and been permitted to withdraw his plea. However, Reddick would not have succeeded even if his attorney had done so. The trial court nonetheless would have denied his motion to withdraw his plea because the withdrawal would have substantially prejudiced the Commonwealth. Reddick's attorney cannot be found to be constitutionally ineffective for failing to advance unmeritorious arguments. *See Barnes*, 324 F.3d at 139.

## IV. CONCLUSION

The state trial court judge made an unrebutted factual finding and applied state law to determine that Reddick could not withdraw his plea. Reddick accordingly cannot demonstrate that he was prejudiced by his attorney's failure to present further argument on this issue, so *Strickland* claim fails. I decline to reach the issues of whether Reddick's statements prior to sentencing should have constituted a "fair and just reason" to withdraw his plea. He is not

entitled to habeas relief, and there is no basis for the issuance of a certificate of appealability.

## ORDER

**AND NOW**, this 28th day of May, 2024, it is **ORDERED** that Reddick's Objections (ECF No. 15) to Magistrate Judge Wells' Report and Recommendation (ECF No. 13) are **OVERRULED**. The recommendation of the R&R is **ADOPTED** as discussed above, and Reddick's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**. There is no basis for the issuance of a certificate of appealability.

                                                                                                          s/ANITA B. BRODY, J.
                                                                                                          ANITA B. BRODY, J.